# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>VRC, INC. d/b/a VRC MANAGEMENT, INC.; GREEN VILLAGE SKILLED NURSING & REHABILITATION, LTD.; FALLS VILLAGE RETIREMENT COMMUNITY, LTD. d/b/a FALLS VILLAGE SKILLED NURSING & REHABILITATION, LTD.; and ANDOVER VILLAGE RETIREMENT COMMUNITY, LTD. d/b/a ANDOVER VILLAGE SKILLED NURSING & REHABILITATION, LTD.,<br><br>Defendants. | Civil Action No.:   5:25-cv-2235<br><br>**COMPLAINT** |

Plaintiff Columbia Casualty Company, by way of Complaint against defendants VRC Management, Inc., Green Village Skilled Nursing & Rehabilitation, LTD, Falls Village Skilled Nursing & Rehabilitation, ltd., and Andover Village Skilled Nursing & Rehabilitation, says:

## THE PARTIES

1. Columbia Casualty Company ("Columbia") is an Illinois corporation engaged in the insurance business with a statutory home office and principal place of business located at 151 North Franklin Street, Chicago, Illinois 60606. Columbia is authorized to transact business and has transacted business in the State of Ohio.

2. VRC, Inc. d/b/a VRC Management Inc. ("VRC") is a corporation organized under the laws of the State of Delaware with a principal place of business at 405 Tallmadge Road, Suite 105, Cuyahoga Falls, Ohio 44221-3342.

3. Green Village Skilled Nursing & Rehabilitation, LTD ("GVS") is a limited liability company organized under the laws of the State of Ohio with a principal place of business at 708 Moore Road, Akron, Ohio 44319. The only known member of GVS is Michael J. Francus who is a citizen of Ohio.

4. Falls Village Retirement Community, LTD d/b/a Falls Village Skilled Nursing & Rehabilitation, LTD ("FVS") is a limited liability company organized under the laws of the State of Ohio with a principal place of business at 330 Broadway Street East, Cuyahoga Falls, Ohio 44221-3312. The only known member of FVS is Michael J. Francus who is a citizen of Ohio.

5. Andover Village Retirement Community, LTD d/b/a Andover Village Skilled Nursing & Rehabilitation, LTD ("AVS") is a limited liability company organized under the laws of the State of Ohio with a principal place of business at 486 S. Main Street, Andover, Ohio 44003-9602. The only known member of AVS is Michael J. Francus who is a citizen of Ohio.

6. VRC, GVS, FVS, and AVS are collectively referred to as "Defendants."

## JURISDICTIONAL ALLEGATIONS

7. The amount in controversy between the parties is in excess of $75,000.00.

8. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

9. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because a substantial part of the events, including contract formation, or omissions giving rise to the claims occurred in the Northern District of Ohio.

## FACTUAL BACKGROUND

10. Columbia repeats, restates and realleges the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

2020 Policy

11. Columbia issued a policy of aging services healthcare insurance to Defendants under Policy No. PLC 6079628744 for the effective dates of December 1, 2020 to December 1, 2021 ("2020 Policy"). A true and correct copy of the 2020 Policy is attached hereto as EXHIBIT A.

12. The 2020 Policy is an insurance contract which provides insurance for certain liabilities of Defendants as set forth in the 2020 Policy.

13. Pursuant to the terms of the 2020 Policy, Defendants have a deductible obligation of $100,000 per claim or occurrence.

14. Pursuant to the terms of the 2020 Policy, Defendants' deductible obligation for claim or occurrence is based on the total indemnity paid for that particular claim or occurrence.

15. Defendants submitted a claim with a date of loss April 9, 2021, with claimant "M.N."[1] for coverage under the 2020 Policy ("Claim No. HMB30483").

16. Columbia fulfilled its contractual obligations to Defendants and provided the coverage afforded by the Policy for Claim No. HMB30483.

17. Columbia paid total indemnity of $85,000 for Claim No. HMB30483.

18. Pursuant to the terms of the Policy, Defendants are obligated to remit payment of $85,000 for Claim No. HMB30483.

19. Columbia demanded payment of $85,000 on numerous occasions.

20. Defendants admitted that they owe $85,000 for Claim No. HMB30483.

21. Defendants have failed, refused, and continue to refuse to remit payment of $85,000 for Claim No. HMB30483.

---

[1] All claimants are identified by initials for privacy reasons. The full names, if requested by Defendants, will be provided under the terms of a confidentiality order.

22. Defendants submitted a claim with a date of loss July 21, 2021, with claimant "R.F." for coverage under the 2020 Policy ("Claim No. HMB32863").

23. Columbia fulfilled its contractual obligations to Defendants and provided the coverage afforded by the 2020 Policy for Claim No. HMB32863.

24. Columbia paid total indemnity in excess of $1,000,000 for Claim No. HMB32863.

25. Pursuant to the terms of the 2020 Policy, Defendants are obligated to remit payment of the $100,000 deductible for Claim No. HMB32863.

26. Columbia demanded payment of the $100,000 deductible on numerous occasions.

27. Defendants admitted that they owe the $100,000 deductible for Claim No. HMB32863.

28. Defendants have failed, refused, and continue to refuse to remit payment of the $100,000 deductible for Claim No. HMB32863.

29. Defendants submitted a claim with a date of loss November 3, 2021, with claimant "W.K." for coverage under the 2020 Policy ("Claim No. HMB35801").

30. Columbia fulfilled its contractual obligations to Defendants and provided the coverage afforded by the 2020 Policy for Claim No. HMB35801.

31. Columbia paid total indemnity of $62,500 for Claim No. HMB35801.

32. Pursuant to the terms of the 2020 Policy, Defendants are obligated to remit payment of $62,500 for Claim No. HMB35801.

33. Columbia demanded payment of $62,500 on numerous occasions.

34. Defendants admitted that they owe $62,500 for Claim No. HMB35801.

35. Defendants have failed, refused, and continue to refuse to remit payment of $62,500 for Claim No. HMB35801.

2021 Policy

36. Columbia issued a policy of aging services healthcare insurance to Defendants under Policy No. PLC 6079628744 for the effective dates of December 1, 2021 to December 1, 2022 ("2021 Policy"). A true and correct copy of the 2021 Policy is attached hereto as **EXHIBIT B**.

37. The 2021 Policy is an insurance contract which provides insurance for certain liabilities of Defendants as set forth in the 2021 Policy.

38. Pursuant to the terms of the 2021 Policy, Defendants have a deductible obligation of $100,000 per claim or occurrence.

39. Pursuant to the terms of the 2021 Policy, Defendants' deductible obligation for claim or occurrence is based on the total indemnity paid for that particular claim or occurrence.

40. Defendants submitted a claim with a date of loss February 28, 2022, with claimant "E.O." for coverage under the 2021 Policy ("Claim No. HMB38997").

41. Columbia fulfilled its contractual obligations to Defendants and provided the coverage afforded by the 2021 Policy for Claim No. HMB38997.

42. Columbia paid total indemnity in excess of $150,000 for Claim No. HMB38997.

43. Pursuant to the terms of the 2021 Policy, Defendants are obligated to remit payment of the $100,000 deductible for Claim No. HMB38997.

44. Columbia demanded payment of the $100,000 deductible on numerous occasions.

45. Defendants admitted that they owe the $100,000 deductible for Claim No. HMB38997.

46. Defendants have failed, refused, and continue to refuse to remit payment of the $100,000 deductible for Claim No. HMB38997.

47. Defendants submitted a claim with a date of loss June 20, 2022, with claimant "R.P." for coverage under the 2021 Policy ("Claim No. HMB42305").

48. Columbia fulfilled its contractual obligations to Defendants and provided the coverage afforded by the 2021 Policy for Claim No. HMB42305.

49. Columbia paid total indemnity in excess of $210,000 for Claim No. HMB42305.

50. Pursuant to the terms of the 2021 Policy, Defendants are obligated to remit payment of the $100,000 deductible for Claim No. HMB42305.

51. Columbia demanded payment of the $100,000 deductible on numerous occasions.

52. Defendants admitted that they owe the $100,000 deductible for Claim No. HMB42305.

53. Defendants have failed, refused, and continue to refuse to remit payment of the $100,000 deductible for Claim No. HMB42305.

Facts Common to All Policies

54. Defendants remain obligated to remit payment of deductibles in the total amount of $447,500 for Claim Nos. HMB30483, HMB32863, HMB35801, HMB38997 and HMB42305 (collectively "Claims").

55. Columbia issued invoices for the $447,500 that remains due and owing for the deductibles of the Claims.

56. Columbia's invoices provide that payment is within 45 days from the date of the invoice.

57. As of November 5, 2024, interest in the amount of $29,177.56, calculated at a rate of 8.0% (eight percent) in accordance with Ohio Rev. Code Ann. § 5703.47 from the due date of each invoice, has accrued on the unpaid deductibles for the Claims.

Settlement and Release Agreement

58. On November 26, 2024, in response to Columbia's demand for payment, the parties executed a Settlement and Release Agreement ("Settlement Agreement") for payment of $360,000.00 (three hundred sixty thousand dollars) of unpaid premiums.[2]

59. Defendants' made installment payments under the Settlement Agreement in the total amount of $245,000.00.

60. Defendants failed to timely make their August 15, 2025 installment payment required under the Settlement Agreement.

61. Columbia sent a Notice of Default dated August 22, 2025 with a date to cure the default of August 27, 2025. A true and correct copy of the Notice of Default is attached hereto as EXHIBIT C.

62. Defendants' time to cure the default for the August 15, 2025 installment expired on August 27, 2025.

63. Defendants did not respond to the Notice of Default for the August 15, 2025 installment.

64. Defendants did not cure the default of the Settlement Agreement caused by Defendants' failure to timely remit payment of the August 15, 2025 installment.

65. Columbia attempted to resolve the uncured dispute with Defendants' attorney prior to litigation but he did not respond.

66. Pursuant to the default terms of the Settlement Agreement, upon the occurrence of an uncured default, Columbia is entitled, *inter alia*, to the entry of a Stipulated Final Judgment in the amount of $476,677.56, less any payments made under this Agreement, plus attorney's fees

---

[2] The Settlement Agreement is confidential. Columbia will provide a copy of the Settlement Agreement for an *in camera* inspection upon request.

and costs incurred by Columbia to date and until all amounts owed to Insurer have been satisfied, plus interest at a rate of eight percent (8%) per annum accruing from November 5, 2024.

67. As of September 30, 2025 statutory interest from November 5, 2024 on the $231,677.56 balance totals $16,642.12. [3]

68. As of September 30, 2025 Columbia incurred attorney's fees and costs in the amount of $13,315.74.

69. As of September 30, 2025, Defendants owe a total amount of $261,635.42 ($231,677.56 + $16,642.12 + $13,315.74).

## COUNT ONE
### (Breach of Contract – Settlement Agreement)

70. Columbia repeats, restates and realleges the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

71. The Settlement Agreement is a valid written contract.

72. Defendants are liable for any amounts owed to Columbia under the terms of the Settlement Agreement.

73. Defendants defaulted under the terms of the Settlement Agreement.

74. Defendants failed to cure their default of the Settlement Agreement.

75. As of September 30, 2025, Defendants remain indebted to Columbia in the amount of $261,635.42 plus continuing attorney's fees and costs incurred by Columbia until all amounts owed to Insurer have been satisfied, plus interest at a rate of eight percent (8.0%) per annum accruing from October 1, 2025.

---

[3] Columbia applied the $245,000.00 paid by Defendants under the Settlement Agreement.

WHEREFORE, Columbia demands judgment against Defendants, jointly and severally, in the amount of $261,635.42 for compensatory damages, plus post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT TWO
### (Breach of Contract – Policies)

76. Columbia repeats, restates and realleges the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

77. The 2020 Policy and 2021 Policy (collectively "Policies") are valid written contracts.

78. Columbia consistently met and fulfilled its contractual obligations to Defendants under the Policies.

79. Defendants failed and refused to remit payment of deductibles for the Claims in the amount of $447,500.00 pursuant to the terms of the Policies and remains indebted to Columbia in the amount of $261,635.42.

80. Defendants breached the insurance contracts between the parties by its failure and refusal to remit payment of the deductibles for the Claims which it owes to Columbia pursuant to the terms of the Policies.

81. Columbia consistently met and fulfilled its contractual obligations to Defendants and provided the insurance set forth in the Policies.

82. Columbia demanded payment of the $447,500.00 on numerous occasions.

83. Defendants, through their failure and refusal to remit payment for the deductibles for the Claims, have breached the Policies.

84. Defendants' breach of the Policies has resulted in damages to Columbia in the amount of $202,500 plus interest, attorney's fees, expenses and court costs.

**WHEREFORE**, Columbia demands judgment against Defendants, jointly and severally, in the amount of $202,500 for compensatory damages, plus additional pre-judgment interest, post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

### COUNT THREE
### (Account Stated)

85. Columbia repeats, restates and realleges the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

86. As parties to the Policies, Columbia and Defendants had business transactions among them.

87. Columbia issued invoices for $447,500 in deductibles for the Claims.

88. Defendants never disputed the invoices for the Claims.

89. Defendants agreed to pay the invoices for the Claims.

90. Defendants, being indebted to Columbia upon accounts stated between them, promised to pay Columbia upon demand.

91. Columbia has attempted to collect the $447,500 in unpaid deductibles on numerous occasions.

92. Defendants have failed, refused, and continue to refuse to pay the balance due and owing to Columbia, thereby resulting in damages to Columbia in the amount of $261,635.42.

**WHEREFORE**, Columbia demands judgment against Defendants, jointly and severally, in the amount of $261,635.42 for compensatory damages, plus additional pre-judgment interest, post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT FOUR
### (Unjust Enrichment)

93. Columbia repeats, restates and realleges the allegations of Paragraphs 1 through 9 of this Complaint as if fully set forth herein.

94. Columbia has provided insurance and related services to Defendants for which Defendants have refused to pay.

95. Defendants acknowledged and accepted the insurance and related services provided by Columbia.

96. Defendants retained the benefit of the insurance and related services.

97. It would be inequitable for Defendants to retain the benefits of insurance and related services without payment to Columbia.

98. Columbia has repeatedly demanded that Defendants remit payment of the $447,500 owed to Columbia for the insurance services provided by Columbia.

99. Defendants have failed, refused and continue to refuse to pay the balance due and owing to Columbia thereby resulting in damages to Columbia in the amount of $202,500.00.

**WHEREFORE**, Columbia demands judgment against Defendants, jointly and severally, in the amount of $202,500.00 for compensatory damages, plus pre-judgment interest, post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

Dated: October 20, 2025

*/s/ Dennis E. Kadian*
Dennis E. Kadian (NJ0264020)
THOMAS KADIAN LLC
90 East Halsey Road, Suite 390
Parsippany, New Jersey 07045
(973) 996-4300
*dkadian@thomaskadian.com*
Attorneys for Plaintiff